Filed 1/25/22  Marriage of Stupp and Schilders CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of STEVEN STUPP and ANNEMARIE SCHILDERS. | |
| STEVEN STUPP, Respondent, v. ANNEMARIE SCHILDERS, Appellant; ESTER ADUT, Appellant. | A161177, A161576, A162373 (San Mateo County Super. Ct. No. FAM 0110799) |

Ester Adut is the attorney for Annemarie Schilders, who is a party to a long-running marital dissolution.  In these consolidated appeals, Adut challenges the family court's order that she pay $1,050 in sanctions under section 177.5 of the Code of Civil Procedure for violating a lawful court order. The sanctions were imposed after Adut sought a writ of execution for the payment of a discovery sanction against Steven Stupp, the petitioner below, knowing full well that the discovery sanction, which was still being adjudicated, was subject to a stay, and representing under penalty of perjury in the application for writ that no stay of execution of the discovery sanction

had been granted. The trial court did not err in ordering the sanctions against Adut, and we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Steven Stupp filed a petition to dissolve his marriage to Schilders. A stipulated judgment of dissolution was entered in March 2014, and since then the case has been intensively litigated in the trial court, where several different trial court judges have presided over the matter. The history of the litigation is confusing and chaotic, as reflected in the register of actions, which is over 180 pages long; the hearing transcripts included in the record on appeal; and the description in appellant's brief of the procedural history of the issue before us.[1]

The three appeals before us arise from the imposition of sanctions against Adut under Code of Civil Procedure section 177.5 for violating an order made at a hearing on December 19, 2019 (December 2019 hearing).[2] Adut was present at that hearing, during which the trial court (Judge Sean P. Dabel) addressed a number of issues. As relevant here, the court stayed an April 23, 2019 discovery sanction in Schilders's favor (April 2019 order) pending the adjudication of Stupp's challenges to that sanction. There was no ambiguity about the stay: after hearing extensive argument, Judge Dabel stated that, based on the contents of Stupp's challenges and the history of the September 2015 motion that led to the April 2019 order, he was "*going to stay*

---

[1] The underlying case has also been intensively litigated in this court, where 24 appeals have been initiated and 7 writ petitions filed by Schilders or Adut.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

*now any prior discovery sanction pending further adjudication.*"[3] (Italics added.) Adut does not suggest or argue that she failed to hear or understand the trial court's statement. The court instructed Stupp's attorney to prepare an order after hearing. All of this is reflected in the court's December 19, 2019 minute order, which states, "The court will stay prior discovery sanctions pending adjudication. [¶] Petitioner's counsel to prepare order."

On January 21, 2020, Stupp's counsel served Adut with a letter "re [Proposed] Findings and Order After Hearing for Proceeding Heard on 12/19/2019."[4] We do not know the contents of that letter; Adut later told the court that she "did not attend to" it.

On January 27, before the adjudication of Stupp's challenges and before the entry of any further written order regarding the stay, Adut applied for

---

[3] This is an abbreviated history of the April 2019 order, as best we can tell from the record. It had been issued by Judge Elizabeth Hill, who later recused herself. The order required Stupp to pay $27,433 in discovery sanctions for failing to provide code-compliant responses to discovery, and offset from the sanction amount any unpaid amount due from a $6,316 sanction that the court had previously ordered Schilders to pay to Stupp. In an order signed in March 2020, Judge Dabel found that the April 2019 order was not just or equitable under the circumstances and granted Stupp's motion to set it aside. Judge Dabel found that in making the April 2019 order, Judge Hill had not considered a *July 27, 2015* order staying discovery that had been made by Judge Susan Greenberg, who was then presiding over the case, and who had recused herself by the time Judge Hill took over the case. One reason Judge Hill did not consider the earlier order is that Adut and a former attorney for Schilders failed to prepare a written order after the July 27, 2015 hearing, despite being instructed by Judge Greenberg to do so. Then, even though discovery had been stayed by the July 2015 order, Schilders filed a motion to compel, which led to the imposition of sanctions against Stupp for responses that had been served on July 30, 2015, while discovery had been stayed.

[4] Subsequent dates are in 2020 unless otherwise stated.

3

issuance of a writ of execution for the April 2019 order, and stated under penalty of perjury that the sanctions order was not subject to a stay of execution.

On February 3, the court denied the application for issuance of writ of execution. Ten days later the court issued an order to show cause why Adut should not be sanctioned under section 177.5 for applying for a writ of execution of the April 2019 order in the face of the court's December 19, 2019 order. The order to show cause was scheduled to be heard in April, but the hearing was delayed until July as a result of the court's emergency pandemic orders. The hearing was further continued at Adut's request, and the issue was eventually heard on September 3, along with other issues in the underlying case.

On September 23, the court signed written findings and orders after the September 3 hearing. As to the sanctions issue, the court stated that after notice and an opportunity to be heard, Adut was sanctioned $1,050 pursuant to section 177.5; that a separate written order concerning the sanctions would be prepared by the court; and that the court would notify the California State Bar of the sanctions.

As it happens, the separate order concerning the sanctions was not entered until February 2021. The trial court explained the delay: shortly after the September 3 hearing, Adut filed three statements of disqualification against Judge Dabel under section 170.3, and "[i]n the interest of justice and fairness to Ms. Adut," the court had not published the order or reported the imposition of sanctions to the California State Bar while the issue of his disqualification was pending.

The February 2021 order described the sanctionable conduct in detail, explaining that the stay of enforcement announced at the December 2019

4

hearing was memorialized in a minute order; that "the attorneys retrieved a transcript [of the hearing] in the process of meeting and conferring about the preparation of the Finding and Order After Hearing"; and that upon receiving Adut's application for writ of execution with its representation that no stay had been issued, the court "had to spend significant time retrieving a transcript to ensure its orders were clear, and sifting through the lengthy trial and appellate case history to confirm its impression that this particular discovery sanction had been stayed—despite the attorney's representation."

Adut appealed.[5] Stupp did not file a respondent's brief, and oral argument was waived, so we decide the appeal on the record and appellant's opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

A. *Applicable Law and Standard of Review*

Section 177.5 authorizes a judicial officer to impose monetary sanctions "for any violation of a lawful court order by a person, done without good cause or substantial justification." The statute defines "person" to include a party's attorney, but sanctions may not be imposed for "advocacy of counsel before the court." (§ 177.5.) Sanctions under section 177.5 are payable to the court, may not exceed $1,500, and may be imposed only after notice and an opportunity to be heard. (*Ibid.*) The sanctions order must be in writing, and must "recite in detail the conduct or circumstances justifying the order." (*Ibid.*) The purpose of section 177.5 "is to punish and deter violations of lawful court orders [citation], and to compensate the judicial system for the

___

[5] Appeal A161177 challenges the minute order from the September 3, 2020 hearing; appeal A161576 challenges the written order signed later that month, and appeal A162373 challenges the detailed written order entered in February 2021. We granted Adut's unopposed motions to consolidate the appeals.

5

cost of unnecessary hearings [citation]." (*People v. Landers* (2019) 31 Cal.App.5th 288, 303 (*Landers*).)

We review an order imposing sanctions under section 177.5 for abuse of discretion. (*People v. Hooper* (2019) 40 Cal.App.5th 685, 691 (*Hooper*).) "The trial court must exercise its discretion in a 'reasonable manner with one of the statutorily authorized purposes in mind and must be guided by existing legal standards.'" (*Ibid.*) We will not disturb the trial court's exercise of discretion unless the record shows that the court exceeded the bounds of reason, contravened uncontradicted evidence, failed to follow the proper procedure, or applied the wrong legal standard. (*Landers*, *supra*, 31 Cal.App.5th at pp. 303-304.) We review questions of law de novo. (*Hooper*, *supra*, at p. 692.)

B.    *Analysis*

Adut offers three arguments for reversing the trial court's order. We find none of them persuasive.

1.    *First Argument*

Adut argues that it was error for the court to sanction her for violating an order because there was no order for her to violate. She contends that the court's oral pronouncement at the December 2019 hearing is not an order for purposes of section 177.5; the minute order from that hearing is not an order for purposes of section 177.5 because it requires Stupp's attorney to prepare a written order; and in any case the minute order may not be enforced against her because she did not receive or know of it when she filed the application for a writ of execution.

Adut's argument that the trial court's pronouncement is not an order for purposes of section 177.5 is meritless. It rests entirely on *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, a case that stands for the proposition

6

that a trial court may properly file a written order that differs from its oral ruling when the ruling has not been entered in the minutes. (*Id.* at p. 1170.) That is plainly not the situation here. Adut fails to address case law upholding the issuance of sanctions under section 177.5 for disobeying an oral instruction, which is the situation here. (See *Seykora v. Superior Court* (1991) 232 Cal.App.3d 1075, 1078, 1084 [sanction under section 177.5 properly imposed for disobeying oral instruction that counsel remain in courtroom to complete certain business].)

We find *People v. Ward* (2009) 173 Cal.App.4th 1518 (*Ward*) (another case not discussed by Adut) instructive. In *Ward*, a defense attorney was instructed not to use the words "prosecutorial misconduct" or raise the issue in front of the jury. (*Id.* at pp. 1522-1523.) The Court of Appeal concluded that sanctions under section 177.5 could appropriately be imposed where the attorney in argument to the jury nevertheless "began to suggest that the prosecutor did improper things during the course of the trial," and then "blurted out, 'And that is prosecutorial misconduct'" in response to the trial court's effort to stop him. (*Id.* at pp. 1529-1530.) No written order was required for the imposition of sanctions in *Ward*, nor has Adut explained why one is required here.

We conclude that the trial court's statement at the December 2019 hearing staying enforcement of the April 2019 order is an order for the purposes of section 177.5, and we need not reach Adut's arguments concerning the minute order.

2. *Second Argument*

Adut argues that the order staying enforcement of the discovery sanctions was invalid because the statutory requirements for issuance of a stay had not been fulfilled. The argument is equally meritless. Even if Adut

7

believed that the stay order was issued in error, she should not have disobeyed it. (See *People v. Chong* (1999) 76 Cal.App.4th 232, 243 [citing Bus. & Prof. Code, §§ 6068 & 6103 for the proposition that "[a]n attorney must not willfully disobey a court's order and must maintain a respectful attitude toward the court"].) Adut had other avenues available, such as motions for reconsideration or to set aside the order, or a writ petition or appeal.

Further, Adut fails to show that the order was invalid. She notes that Schilders never consented to the stay, citing sections 917.1 and 918, which require an adverse party to consent to the stay of an order for the payment of money if the stay would extend more than 10 days beyond the last day on which a notice of appeal of the order could be filed. But Adut makes no showing that the stay imposed by the trial court extended for more than 10 days beyond the last date on which a notice of appeal from the April 2019 order could be filed (§ 918, subd. (b)), or even that the April 2019 order was ripe for appeal. We do not undertake to make the showings for her. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 [appellate court is "not required to examine undeveloped claims or supply arguments for the litigants"] (*Allen*).)

### 3. *Third Argument*

Adut's final argument is that the court erred in sanctioning her for advocacy on behalf of her client. This argument is not supported by any authority, and so we reject it. (See *Allen*, *supra*, 234 Cal.App.4th at p. 52. [a point not supported by legal argument with citation to authority is treated as forfeited and passed without consideration].) [6]

---

[6] Adut concedes that enforcement of the April 2019 order would have resulted in a payment to Adut of over $21,000. We note that the trial court

8

In sum, Adut fails to show error in the trial court's imposition of sanctions against her under section 177.5.[7]

## DISPOSITION

The challenged orders are affirmed.

concluded that Adut sought to enforce the monetary sanction in her own self-interest.

[7] In the conclusion of her appellate brief, Adut asks not only that we reverse the sanctions orders, but also seeks an order that a different judge preside over the case below going forward. We disregard that additional request, as it is not supported by any argument or citation to authority. (*Allen, supra*, 234 Cal.App.4th at p. 52.)

_____
Miller, J.

WE CONCUR:

_____
Stewart, Acting P.J.

_____
Kline, J.*

A161177, A161576, A162373, *Stupp v. Schilders*

---

&ast; Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.